LOTTINGER, Judge.
This court ex proprio motu issued a rule to show cause why this appeal should not be dismissed as untimely filed. The appellee, Patty Yvonne Nichols Dickerson, filed a motion with this court to do the same. The judgment appealed from concerns decrees of divorce, custody, child support, permanent injunctions, and contempt.
Judgment was rendered in open court, with counsel for both sides present, on September 8, 1981. On September 10, the judgment was signed in open court. It is apparent from the record that the judgment was prepared by the office of counsel for appellee and was presented to the trial court out of the presence of counsel for appellant.
This case was neither taken under advisement nor did appellant “make a request of record for notice of the date when the judgment was signed,” therefore, notice of the *1355 signing of the judgment was not required. La.Code Civ.P. art. 1913.
The applicable time period within which to appeal the divorce, custody and child support portions of the judgment is 30 days. La.Code Civ.P. arts. 3942 & 3943. The permanent injunctions are appealable within 60 days. La.Code Civ.P. art. 3612.
For the 30 day appeal, the time period expired on October 21, and for the 60 day appeal it expired on November 20, 1981. Appellant filed his motion for appeal on December 4, 1981, and thus the appeal is untimely and this court is without jurisdiction to entertain same.
Whether the contempt portion of the judgment should be reviewed by this court on appeal or an application for writs need not be decided here, because assuming the right to appeal, same is untimely.
Appellant in his brief in opposition to the show cause order argues that counsel for appellee promised to forward him a copy of the judgment as soon as same was signed, and that this would act as appellant’s notice of judgment. We need only note that there is a procedure in the Code of Civil Procedure for requesting notice of judgment. Additionally, agreements between counsel of which the court is expected to take cognizance must be in writing. Uniform Rule — Courts of Appeal, Rule VI, § 3.
Therefore, for the above and foregoing reasons, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.